IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>COLIN JOSEPH WAUQUA,<br><br>    Defendant. | No. CR02-0064<br><br>**REPORT AND RECOMMENDATION** |

_____

This matter comes before the court pursuant to the defendant's petition for relief pursuant to 28 U.S.C. § 2255. Only one issue remains for resolution at this time. The defendant claims that his attorney, John Bishop, rendered ineffective assistance of counsel for his failure to file an appeal from the judgment entered herein. The court held an evidentiary hearing on May 20, 2005, at which the defendant participated by telephone. The government was represented by Assistant United States Attorney Stephanie Rose. The court makes the following findings of fact.

## FINDINGS OF FACT

The Grand Jury for the Northern District of Iowa returned a seven-count indictment against the defendant on September 13, 2002. The government dismissed Count 4 of the Indictment and the defendant pleaded guilty to the remaining counts without a plea agreement on January 3, 2003. The defendant was sentenced on September 11, 2003. The presentence report indicated at paragraph 39 that the probation office believed there should be a two-level increase in the defendant's base offense level under the United States Sentencing Guidelines for using a minor to commit a crime. On June 19, 2003, Mr. Bishop filed a timely objection claiming that the defendant did not use a person under the age of 18 to commit the offenses. The defendant believed that the minor,

Alonzo Beard, was over 18 years old. Mr. Bishop investigated this claim and found that Mr. Beard was 17 years old at the time of the offense. Accordingly, at sentencing, Mr. Bishop prevailed on the government's request for an additional enhancement for supervising Mr. Beard as it was duplicative of the enhancement for using a minor. The defendant now says that he wanted to appeal the enhancement for use of a minor.

Following the imposition of sentence, the defendant claims that Mr. Bishop met with him at the Linn County Jail the next day. Mr. Bishop's billing records show that no such meeting took place. Rather, his billing records show that Mr. Bishop met with the defendant on September 21, 2003. Mr. Bishop did not believe that there was any likelihood that an appeal would be successful. However, he met with the defendant within the ten-day period so that the defendant could appeal his sentence if that was his desire. It is Mr. Bishop's practice to file an appeal whenever the defendant requests it, regardless of Mr. Bishop's opinion about the likelihood of success on appeal. He has filed such appeals on a number of occasions when he believed the appeal had no merit. The defendant agreed that there was no point in taking an appeal and agreed with Mr. Bishop that no appeal would be filed.

Mr. Bishop met with the defendant on a number of occasions following the September 21, 2003, meeting. His billing records do not reflect these visits because he had no intention of billing the government for them. Basically, the defendant was cooperating and relaying information to the prosecutor through Mr. Bishop. The defendant was brought back to the Linn County Jail in July 2004 and Mr. Bishop met with him. The defendant never asked Mr. Bishop on any of these occasions about the status of his appeal. The first time that Mr. Bishop found out about the claim of a failure to file an appeal was when the prosecutor informed him of this in September 2004.

The defendant claims that he first found out that no appeal had been filed when he spoke with Mr. Bishop at the Linn County Jail in July 2004. He claims that he specifically talked with Mr. Bishop about the appeal because he knew that he had one year to file a

petition pursuant to 28 U.S.C. § 2255. Based on the defendant's filings in this matter and his testimony at the May 20, 2005, hearing, the court finds that the defendant is sophisticated enough to know that he has one year after his conviction becomes final within which to file a § 2255 petition. The defendant also knew that his conviction had become final in September 2003 by reason of the fact that he knew that no appeal had been filed.

No conclusions of law are necessary as the sole issue presented to the court is the factual issue as to whether the defendant requested that an appeal be filed.

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[1] to the Report and Recommendation within ten (10) days of the date of the report and recommendation, that the defendant's § 2255 petition be dismissed in its entirety.

May 20, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[1] Any party who objects to this report and recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.